IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHANTE WATSON, <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA AUTO PAWN, INC., <br><br> Defendant. | Civil Action No. 1:25-cv-906-LMM |

**STIPULATED PROTECTIVE ORDER**

The parties hereto having consented by and through their respective counsel of record to the entry of this protective order, the Court hereby orders as follows:

**1. Types of Information**

1.1 This order governs the designation, handling, disclosure, and use of Confidential Information. The term "**Confidential Information**" means any documents, testimony or other information that

(a) one party, its personnel or counsel or experts, or anyone else acting on its behalf (the "**Producing Party**") provides to another party, its personnel or counsel or experts, or anyone acting on its behalf or aligned with it (the "**Recipient**") and

(b) the Producing Party designates as "confidential," "subject to protective order," or words to that effect, and

(c) is either

(1) confidential, proprietary, a trade secret, subject to a contractual duty of confidentiality owed to a third party, or subject to the Court's determination (after notice to the parties) that the information ought to be treated as confidential; or

(2) personally identifiable, a consumer report, information that would be a consumer report if produced to a third party, financial or health or other private information about an individual, or subject to the Court's determination (after notice to the parties) that the information ought to be treated as private to an individual.

1.2   The word "**document**" means all recordings (whether written, graphic, electronic, or otherwise) and copies thereof (whether identical or not), including, but not limited to, pleadings, motions, briefs, responses to discovery, transcripts of deposition or trial testimony, records, compilations made or maintained by electronic, photographic or mechanical means, and any other documents as defined in or contemplated by Federal Rule of Civil Procedure 26 or 34.

## 2. Designation of Information

2.1   To designate a document (or a part of a document) as Confidential Information when producing it to a Recipient, the Producing Party must label the

front of that document (or the parts of the document for which it desires treatment as Confidential Information) as "Confidential."

2.2     To designate deposition testimony or a document introduced as an exhibit at a deposition as Confidential Information, the Producing Party must identify the confidential portions of the testimony or document either (a) on the record at the time the witness gives the testimony or (b) by written notice to the Recipient not later than 30 days after the Producing Party's receipt of the transcript or videotape.

2.3     If a party (either the Producing Party or the Recipient) introduces a document as an exhibit at a deposition and the Producing Party previously designated that document as Confidential Information, the term "Confidential Information" includes (without additional designation) all portions of the deposition transcript or videotape where (a) the document is shown to the witness, (b) the witness is asked any question about or based on the document, (c) the witness gives any answer about or based on the document, or (d) anyone otherwise discusses the document.

2.4     At least five business days before serving any instrument that requires a non-party to provide information to a party (including a subpoena), the party shall deliver a copy of the proposed instrument on all other parties. To designate information provided in response to all or part of that instrument as Confidential

Information, a party must provide written notice to all other parties identifying the information that it is designating Confidential Information. Each party receiving the response to the instrument shall, before providing that response to anyone else, attach a copy of all notices received to the front of the response or (if the response is not a document) otherwise provide a copy of the notices.

2.5     To designate a document (or a part of a document) as Confidential Information when filing the document with the Court, the Producing Party must follow the procedure in section 5 to redact the information and file the document under seal with the clerk.

2.6     Within five business days after discovering that it disclosed information and inadvertently or unintentionally failed to designate that information as Confidential Information, the Producing Party may provide each party to whom it provided the information with a notice designating the information as Confidential Information and assert that the Producing Party inadvertently or unintentionally failed to previously designate it. Each party receiving that notice may, by sending notice within five business days after receipt, reject the assertion that the failure to designate was inadvertent or unintentional. If any party rejects the assertion, then the Producing Party may, within five business days after receiving a rejection, move the court for a finding that the failure to designate was inadvertent or unintentional. The parties shall treat the information

that the Producing Party designated by the late notice in accordance with that designation except to the extent that a party rejects the notice and either (a) the Producing Party fails to move the court for a finding that the failure to designate was inadvertent or unintentional or (b) the court rules that the failure was not inadvertent or unintentional.

  2.7 Neither the designation or failure to designate information as Confidential Information nor compliance with this order waives any objection to the confidentiality, discoverability, privileged nature, or admissibility of any information.

  2.8 A party may challenge a designation of any information as Confidential Information as set out in section 8.2.

## 3. Prohibition on Use and Disclosure

  3.1 The Recipient shall not use or disclose any Confidential Information of the Producing Party except (a) as this order expressly permits or (b) as the Producing Party permits in writing. Any person to whom the Recipient provides a copy of this order (as contemplated below) shall sign that copy and provide that signed copy to the Recipient. (This means that, if you receive a copy of this order, the court is ordering you to sign it). When the Recipient provides a copy of this order to any person (as contemplated above), the Recipient shall provide a duplicate copy to that person if that person so requests. This order binds, as a

Recipient, any person who receives Confidential Information, unless that person is the Producing Party, but even if that person receives the information from another person who is a Recipient and even if that person does not sign a copy of this order.

    3.2    The Recipient may use the Confidential Information only for the purpose of prosecuting or defending the claims in this case.

    3.3    The Recipient may disclose Confidential Information only to the following persons and only on the following conditions:

    (a)    the Producing Party and its counsel;

    (b)    the personnel of any court handling the case, any mediator mediating this case, and any jurors hearing this case, but only if the Recipient files the information under seal under section 5 or offers the information at trial subject to any orders the court issues;

    (c)    any party to this case;

    (d)    any employee of an organization that is a party to this case;

    (e)    counsel of record in this case for any party to this case;

    (f)    any clerk, paralegal, secretary, or other employee of such counsel assigned to assist such counsel in this case;

    (g)    any expert retained as an advisor, consultant, or expert witness in connection with this case;

(h)    any court reporter or commercial copying service that such counsel uses in connection with this case;

(i)    any deposition or trial witness, but only if (1) the Recipient discloses that Confidential Information in a form that was originally prepared by the witness or (2) the Recipient's counsel believes in good faith that disclosure is necessary in connection with the examination or preparation of that witness, and only (in either case) if the Recipient provides a copy of this order to that witness and that witness signs that copy;

(j)    counsel for any deposition or trial witness to whom the Recipient discloses Confidential Information as permitted above; and

(k)    any other persons to whom the Producing Party consents in writing, subject to any conditions expressed in that writing.

## 4. Handling of Confidential Information

4.1    Each Recipient shall protect the Producing Party's Confidential Information using reasonable efforts that are at least as protective as (a) those taken by the Recipient to protect its own trade secrets or most private information and (b) those required by any law or industry standard that applies to the Recipient. The Recipient shall ensure that those efforts include appropriate technical, physical, and administrative safeguards.

7

## 5. Filing under Seal

5.1    As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has good cause to request sealing of material marked or identified as Confidential Information pursuant to this Protective Order, the party must move the Court for its approval to file such information or document under seal in accordance with the Court's procedures for filing documents under seal in civil cases set forth in Appendix H to the Local Rules. While that motion is pending, the party may file a version of the filing with Confidential Information redacted. The Court will deem that redacted filing to meet any applicable deadlines. When moving to file any information under seal, the party shall serve both the unredacted filing and the redacted filing on other counsel of record.  If the Court denies that motion for all or any part of the filing, the filing party shall file and serve a version of the filing that redacts only any portions of the filing as to which the Court approved the party to file the information under seal.  If the Court grants that motion for all or any part of the filing, the filing party shall file an unredacted version of the filing under seal.  Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected

8

confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

## 6. Disposition of Confidential Information

6.1    After the end of this case, the clerk shall return each document filed under seal to the party that filed that document, but only if that party so requests within 60 days after the end of this case. The clerk shall promptly destroy all documents filed under seal that no party requests to be returned.

6.2    Promptly after the end of this case, each Recipient shall destroy any documents that are in its possession or control and that contain or reflect Confidential Information (including any documents not originally provided by the Producing Party such as extracts, summaries, and compilations and including any documents previously filed under seal and returned by the clerk). Promptly after completing the destruction, each Recipient shall certify to each Producing Party that it has destroyed all such documents. Each counsel of record shall, in writing, remind the party that is its client and anyone who received Confidential Information from the party or its counsel of these obligations.  Notwithstanding the foregoing, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Information), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof

9

and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Information), to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law.

    6.3    The phrase "**end of this case**" means the later of (a) if no party appeals the court's final judgment, 90 days after this court renders final judgment or (b) if any party appeals the court's final judgment, 30 days after the clerk files the mandate of the last reviewing court that disposes of this case in its entirety.

**7. Claims of Privilege**

    7.1    A party who (directly or through anyone else) discloses information (the "**Disclosing Party**") that the Disclosing Party later claims is subject to a Privilege (the "**Disclosed Protected Information**") does not waive or forfeit the Privilege by having disclosed the Disclosed Protected Information, even if the Disclosing Party failed to assert the Privilege by the time of disclosure. The term "**Privilege**" means any attorney-client privilege or work-product protection.

    7.2    The Disclosing Party may assert the Privilege for the Disclosed Protected Information at any time. The party receiving that assertion shall, within five business days after receiving that assertion, return or destroy all copies of the Disclosed Protected Information in its possession or control, provide a certification of counsel that it has returned or destroyed all of the Disclosed Protected

Information in its possession or control, and identify any Disclosed Protected Information that has left its possession and control. Within five business days after receiving the certification, the Disclosing Party shall produce a privilege log identifying the Disclosed Protected Information.

      7.3    If any party thereafter moves the court for an order compelling production of the Disclosed Protected Information, the party shall not assert the fact or circumstances of the prior disclosure as a ground for entering that order. This order does not otherwise change the standards or procedures for determining whether any information is subject to any Privilege.

## 8. Exclusions

      8.1    Nothing in this order affects or restricts the rights of any party (a) to its own information or (b) to information that is lawfully available to the public without undertaking a duty of confidentiality (but a compilation of public information that is not public in compiled form is not public for this purpose), even if (in either case) that information is also received through discovery in this case.

      8.2    Any party may move for and, on an appropriate showing after notice to the parties, obtain a modification of this order, including a modification that (a) designates information as Confidential Information despite the Producing Party's failure to so designate it, (b) imposes additional obligations to protect the confidentiality of specified information, or (c) removes a designation of

information as Confidential Information. Before requesting such a modification, the party making the request must first raise the request with the other party and the parties shall attempt to resolve the request informally. If the parties are unable to resolve the request, the party making the request may apply to the Court by motion for a ruling on the request. The burden to justify the request remains with the party making the request. Unless this Court enters an order determining that the information previously designated as Confidential Information is not Confidential Information, the Recipient shall treat the information as Confidential Information under this order.

      8.3    This order will remain in effect permanently (including after the end of this case), unless the Court expressly modifies or vacates this order after giving all parties notice and an opportunity to be heard. After the end of this case, this Court retains jurisdiction over all persons subject to this order for the limited purpose of enforcing the continuing obligations that this order imposes.

      SO ORDERED, this \_\_\_\_ day of _____, 2025.

_____
HON. LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

# THE PARTIES HEREBY CONSENT
# TO THE FORM AND ENTRY OF THIS PROTECTIVE ORDER:

Dated: October 9, 2025.

CONSENTED BY:

| | |
|---|---|
| /s/Anthony I. Paronich (w/express permission) <br> Anthony I. Paronich <br> Paronich Law, P.C. <br> 350 Lincoln Street <br> Suite 2400 <br> Hingham, MA <br> anthony@paronichlaw.com <br><br> *Counsel for Plaintiff Shante Watson* | /s/Ava J. Conger <br> Ava J. Conger <br> Ga. Bar No. 676247 <br> Devon C. Sherrell <br> Ga. Bar No. 624945 <br> KILPATRICK TOWNSEND & STOCKTON LLP <br> 1100 Peachtree Street, NE <br> Suite 2800 <br> Atlanta, Georgia 30309 <br> aconger@ktslaw.com <br> dsherrell@ktslaw.com <br><br> *Counsel for Defendant Georgia Auto Pawn, Inc.* |