**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA AUTO PAWN, INC.<br><br>Defendant. | Civil Case No.: 1:25-cv-00906-LMM |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Shante Watson ("Plaintiff") and Georgia Auto Pawn, Inc. ("Defendant") enter into this arm's-length Class Action Settlement Agreement and Release ("Agreement").

**1. Recitals:**

1.1. On February 20, 2025, Plaintiff filed a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, styled *Watson v. Georgia Auto Pawn, Inc.*, Case No. 1:25-cv-00906-LMM (N.D. Ga.) (the "Action"). Georgia Auto Pawn, Inc. was subsequently substituted as the proper Defendant in the Action.

1.2. Defendant vigorously denies any wrongdoing or liability related to the allegations included in the Action and denies any improper conduct or violation of the TCPA. Defendant desires to settle this Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings.

1.3. The parties attended mediation before Seamus Duffy.

1.4. As a result of the mediation and extensive, good faith and arm's length negotiations, Plaintiff and Defendant now intend to settle and finally resolve all claims Plaintiff asserts through the Action.

1.5. Aware of the substantial expense, delay, and inherent risk associated with litigation, Plaintiff and her counsel recognize that in light of the recovery that results from the settlement memorialized by this Agreement, continued litigation is not in the best interest of herself and the members of the settlement class that is the subject of this Agreement.

1.6. Also aware of the substantial expense, delay, and inherent risk associated with litigation, Defendant believes it is in its best interest to enter into the settlement memorialized by this Agreement to finally resolve all claims asserted in the Action.

1.7. Plaintiff and her counsel believe that the settlement memorialized by this Agreement is fair, adequate, and reasonable.

1.8. Plaintiff and Defendant agree to undertake all steps necessary to secure court approval of the settlement memorialized by this Agreement.

1.9. The settlement memorialized by this Agreement is not to be construed as an admission or concession by Plaintiff that there is any infirmity in the claims she asserts through the Action.

1.10. In connection with the Action, Jan Kostyun issued a report dated July 27, 2026. Exhibit D to that report identifies the telephone numbers belonging to the individuals that form the basis of the Settlement Class defined below.

**2. Definitions:**

2.1. "Approved Claim Form" means a Claim Form submitted by a Settlement Class Member that is timely, complete, and approved by the Claims Administrator in accordance with the terms of this Agreement.

2.2. "Claims Administrator," means the third-party settlement administrator selected by Plaintiff and approved by the Court to administer the Settlement in accordance with this Agreement and the Court's orders.

2.3. "Claim Form" means the Court-approved form by which a Settlement Class Member may submit a claim for a Settlement Payment.

2.4. "Class Counsel" means Perrong Law LLC and Paronich Law, P.C.

2.5. "Class Notice" means the Court-approved notice of the Settlement to be provided to Settlement Class Members, substantially in the forms attached to this Agreement, including the Postcard Notice and Claim Form and the Long-Form Notice to be made available on the Settlement Website.

2.6. "Court" means the United States District Court for the Northern District of Georgia.

2.7. "Final Fairness Hearing" means the hearing at which the Court will consider whether to grant final approval of the Settlement and enter the Final Order and Judgment.

2.8. "Finality Date" means the date after which the Court enters a final order and judgment and the time to appeal the final order and judgment expires without appeal, or any appeal is dismissed, or the final order and judgment is affirmed and not subject to further review by any court.

2.9. "Final Order and Judgment" means the final order and judgment that the Court enters in a form substantially similar to Exhibit 3 to this Agreement.

2.10. "Order Preliminarily Approving the Settlement" means the order, in a form substantially similar to Exhibit 2 to this Agreement, preliminarily approving the Settlement and authorizing the dissemination of Class Notice.

2.11. "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

2.12. "Released Parties" means, collectively, Defendant and Defendant's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees.

2.13. "Released Claims" means all claims to be released as set forth in Section 14 of this Agreement.

2.14. "Releasors" means: (a) Plaintiff; (b) every Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement Class; and (c) the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns, and any other representatives of any of the foregoing persons.

2.15. "Settlement" means the settlement memorialized by this Agreement.

2.16. "Settlement Class" means the class that the Court certifies for settlement purposes, the definition of which the parties propose as:

All persons throughout the United States including the Plaintiff and individuals (1) listed in Exhibit D of the report of Jan Kostyun, dated July 27, 2026, (2) to whom Georgia Auto Pawn, Inc. placed a call, (3) directed to a telephone number assigned to a cellular telephone service, (4) in connection with which Georgia Auto Pawn, Inc. used an artificial or prerecorded voice, (5) from February 20, 2021, through the Preliminary Approval Date.

2.17. "Settlement Class Members" mean all members of the Settlement Class.

2.18. "Settlement Class Period" means the period beginning February 20, 2021, and continuing through the Preliminary Approval Date.

2.19. "Settlement Fund" means the non-reversionary common fund in the amount of Five Hundred Twenty-Five Thousand Dollars ($525,000.00) that Defendant shall establish pursuant to this Agreement.

2.20. "Settlement Payment" means the pro rata cash payment to be made from the Settlement Fund to each Settlement Class Member who submits an Approved Claim Form, after payment or deduction of the amounts authorized by this Agreement and approved by the Court.

2.21. "Settlement Website" means the website established and maintained by the Claims Administrator to provide Settlement Class Members with information and documents concerning the Settlement and through which Settlement Class Members may submit claims electronically.

**3. Jurisdiction:**

3.1. The parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, expenses, and a general release payment to the Plaintiff, and to supervise the administration and distribution of proceeds associated with the Settlement.

**4. Certification:**

4.1. Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and denies that a class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose and hereby agrees to certification of the Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3).

4.2. Defendant disputes that Plaintiff is an adequate class representative and denies that a class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation Defendant does not oppose and hereby agrees that Plaintiff should be appointed as the representative of the Settlement Class and Class Counsel should be appointed as counsel for the Settlement Class.

4.3. Defendant disputes that it called the 568 telephone numbers identified in Exhibit D to the report of Jan Kostyun dated July 27, 2026, using an artificial or prerecorded voice. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant hereby agrees that the Settlement Class consists of the Plaintiff and the individuals associated with the 568 telephone numbers identified in Exhibit D to the report of Jan Kostyun dated July 27, 2026, to which Defendant placed 2,245 calls using an artificial or prerecorded voice during the Settlement Class Period, subject to the definition of the Settlement Class set forth in Section 2.16.

4.4. Defendant's agreement to certification of the Settlement Class is solely for purposes of the Settlement. If the Settlement is not finally approved, is terminated, or otherwise does not become effective for any reason, Defendant reserves all rights to oppose certification of any class in the

Action or in any other action and to dispute that it called the 568 telephone numbers identified in Exhibit D to the report of Jan Kostyun dated July 27, 2026, or any other telephone number, using an artificial or precorded voice, and Plaintiff reserves all rights to seek certification of any class. Neither this Agreement nor Defendant's agreement to certification of the Settlement Class may be cited or used as an admission or concession regarding whether any class could or should be certified for litigation purposes.

**5. Preliminary Approval:**

5.1. Plaintiff will file a motion to preliminarily approve the Settlement together with this Class Action Settlement Agreement and Release and its Exhibits, which Defendant will not oppose. Prior to filing, Plaintiff will provide Defendant with a draft of the same for review and comment. Plaintiff agrees not to file the preliminary approval motion until Defendant has the opportunity to review and comment on the same.

5.2. Through her motion to preliminarily approve the Settlement, Plaintiff will request that the Court:

A. Preliminarily certify the Settlement Class for settlement purposes only, appoint Plaintiff as the representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

B. Preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

C. Approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

D. Set the date and time for the Final Fairness Hearing for a date no less sixty (60) days from entry of the Preliminary Approval Order; and

E. Set the deadline for Settlement Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

5.3. Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to preliminarily approve the Settlement.

**6. Class Action Fairness Act Notice:**

6.1. The Claims Administrator will be responsible for directing notice under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Such notice will be served within ten (10) days after Plaintiff files her unopposed motion to preliminarily approve the Settlement.

6.2. The Claims Administrator will provide Class Counsel and counsel for Defendant with a copy of the CAFA notice no later than two (2) days after it is served.

**7. Notice to Members of the Settlement Class:**

7.1. The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

7.2. The Claims Administrator's responsibilities will include, but will not be limited to:

A. Disseminating notice to potential Settlement Class Members;

B. Identifying, from a listing of certain telephone numbers Plaintiff and Defendant provide to it for notice purposes, those that are assigned to a cellular telephone service;

C. Identifying, from a list of certain telephone numbers Plaintiff and Defendant provide to it for notice purposes, the names and addresses of Settlement Class Members;

D. Sending direct mail notice by postcard, with the Claim Form, to potential Settlement Class Members, where possible;

E. Establishing both a dedicated website through which Settlement Class Members can submit claims and a toll-free telephone number for informational purposes;

F. Fielding inquiries about the Settlement;

G. Processing settlement claims;

H. Acting as a liaison between Settlement Class Members, Class Counsel, and counsel for Defendant;

I. Approving settlement claims, and rejecting settlement claims where there is incomplete information and/or evidence of fraud;

J. Directing the mailing of settlement payments to Settlement Class Members;

K. Performing any other tasks reasonably required of it; and

L. Directing notice under CAFA, as described in Section 6.

7.3. The addresses of potential Settlement Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

A. The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

B. The Claims Administrator may conduct a reasonable search to locate an updated address for any potential Settlement Class Member whose notice is returned as undeliverable;

C. The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

D. The Claims Administrator will update addresses based on any requests received from Settlement Class Members.

7.4. The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5. Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will mail

the Class Notice and a Claim Form to potential Settlement Class Members, where possible.

7.6. The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential Settlement Class Members must include a notation requesting address correction.

7.7. If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

7.8. Subject to Section 7.9 of this Agreement, Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the Settlement Fund (defined below) is established and funded.

7.9. Defendant will be entitled to an offset from the Settlement Fund once it is established and funded for any payments Defendant makes to the Claims Administrator prior to the date on which the Settlement Fund is established and funded.

7.10. The Claims Administrator shall make all returned and completed Claim Forms available to Defendant's Counsel and Class Counsel for review and shall provide an Excel spreadsheet to Defendant's Counsel and Class Counsel of all returned and completed Claim Forms containing the name and address of each claimant. If either party believes that a Claim Form is false or fraudulent, including that it was filed by an individual who was an accountholder of Defendant at the time that Defendant placed artificial or prerecorded voice calls to the individual, the parties shall be permitted, but not required, to notify the Claims Administrator and each other and to provide proof of such status.

7.11. The parties will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for preliminary approval with the Court, with the exception of potential claims administrators. The parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel may communicate with any Settlement Class Member regarding the Action or the Settlement for the purposes of answering questions regarding the Settlement and the process for effectuating the same.

7.12. An individual to whom the Claims Administrator does not provide a Claim Form as part of the process by which the Claims Administrator mails the Class Notice and a Claim Form to potential Settlement Class Members may request a Claim Form from the Claims Administrator if that person is able to provide evidence of receipt on his or her cellular telephone of an artificial or prerecorded voice call or message from Defendant during the Settlement Class Period. Upon receipt of such evidence, the Claims Administrator will send a Claim Form to the individual who requests it only if the Claims Administrator can confirm the person is a Settlement Class Member under § 2.16.

7.13. If approved payments to Settlement Class Members exceed the applicable IRS reporting requirements, Settlement Class Members must provide a valid Form W-9 to receive their payment. The Settlement Administrator will request such tax forms from Settlement Class Members with approved claims, if necessary.

**8. Publication of Class Notice:**

8.1. Not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will arrange for publication of the Class Notice on the settlement website.

**9. Settlement Website:**

9.1. The Claims Administrator will build and maintain a dedicated website that includes downloadable information and documents necessary to submit claims. The settlement website will be live not later than thirty (30) days following the Preliminary Approval Date, or as otherwise directed by the Court.

9.2. At a minimum, the downloadable information and documents on the settlement website must include, when available, this Agreement, the Class Notice, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, Plaintiff's class action complaint, Defendant's answer and defenses, and the Final Order and Judgment.

**10. Final Approval:**

10.1. At least ten (10) days prior to the Final Fairness Hearing, the Claims Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and stating the number of claims, objections, and exclusions, if any.

10.2. At least thirty (30) days prior to the Final Fairness Hearing, Plaintiff will file a motion to finally approve the Settlement and will provide Defendant with a draft of the same for review and comment.

10.3. Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to finally approve the Settlement.

**11. Consideration:**

11.1. In consideration for the Settlement and the releases provided herein, Defendant shall establish a non-reversionary common settlement fund in the total amount of Five Hundred Twenty-Five Thousand Dollars ($525,000.00) (the "Settlement Fund") within 30 days after preliminary approval. The Settlement Fund shall constitute the maximum and total monetary amount Defendant is required to pay in connection with the Settlement and shall be used to pay: (a) Settlement Payments to Settlement Class Members who submit Approved Claim Forms; (b) all costs of notice and settlement administration, including the costs associated with identifying and providing notice to Settlement Class Members; (c) litigation costs and expenses awarded by the Court; (d) attorneys' fees awarded by the Court to Class Counsel; and (e) any payment approved by the Court to Plaintiff in consideration for her general release.

11.2. In consultation with the Claims Administrator, Defendant will fund the Settlement Fund within 30 days of the Preliminary Approval Date.

11.3. The Claims Administrator will place the Settlement Fund at Western Alliance Bank in an interest bearing account, which is 100% backed by the FDIC (the "Account"), created by order of the Court, and intended to be a separate taxable entity and qualify as a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Department Regulations ("Treasury Regulations") promulgated under Section 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). Defendant will be the "transferor" to the QSF within the meaning

of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Claims Administrator will be designated as the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Claims Administrator will timely provide any statements or make any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations. The parties agree to the tax treatment of the QSF as set forth in Section 21. All risks related to the investment of the Settlement Fund will be borne by the Settlement Fund. Defendant will have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Claim Administrator, or any transactions executed by the Claims Administrator. Defendant will not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes (including interest and penalties), legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Claims Administrator.

11.4. Paid from the Settlement Fund will be:

A. Compensation to Settlement Class Members who timely submit an Approved Claim Form;

B. The cost of notice to potential Settlement Class Members and claims administration, including costs associated with identifying potential Settlement Class Members, and any reasonable costs associated with administering the Settlement Fund, including costs of tax attorneys or accountants;

C. Litigation costs and expenses, for which Class Counsel will petition the Court;

D. Reasonable attorneys' fees, calculated as a percentage of the Settlement Fund, for which Class Counsel will petition the Court; and

E. A payment of Five Thousand Dollars ($5,000.00) to Plaintiff, subject to Court approval, in consideration for Plaintiff's individual general release of claims as set forth in Section 14.1.

11.5. Each Settlement Class Member who submits an Approved Claim Form either online no later than seventy-five (75) days after the Preliminary Approval Date, or by U.S. Mail with a postmark of no later than seventy-five (75) days after the Preliminary Approval Date, which provides his or her name, address, and the cellular telephone number on which the Settlement Class Member received artificial or prerecorded voice calls from Defendant, will be entitled to a *pro rata* share of the non-reversionary Settlement Fund after deducting:

A. Costs and expenses of administrating the Settlement, including notice to potential Settlement Class Members;

B. Class Counsel's attorneys' fees, subject to the Court's approval;

C. Class Counsel's litigation costs and expenses not to exceed $40,000, subject to the Court's approval; and

11.6. A Settlement Class Member may submit only one claim, regardless of how many times Defendant called the Settlement Class Member, or how many artificial or prerecorded voice messages Defendant delivered to the Settlement Class Member.

11.7. Each settlement payment issued to a Settlement Class Member will be valid for one-hundred-twenty (120) days after it is issued.

11.8. Any funds not ultimately paid out as the result of uncashed settlement checks will be paid out as a *cy pres* award to National Consumer Law Center, subject to the Court's approval.

**12. Exclusions:**

12.1. Any Settlement Class Member who wishes to exclude himself or herself from the Settlement must mail a written request for exclusion personally signed by the Settlement Class Member to the Claims Administrator, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

12.2. Through his or her request for exclusion, and subject to the Court's approval, a member of the Settlement Class must include his or her:

A. Full name;

B. Address;

C. Cellular telephone number called by Defendant using an artificial or prerecorded voice; and

D. Statement that he or she wishes to be excluded from the Settlement.

No request for exclusion will be valid unless all of the information described above is included.

12.3. Any Settlement Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of the Settlement. Every Settlement Class Member who does not timely and properly submit a written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action. The satisfaction of all the Released Claims against Defendant, as well as entry of the Final Order and Judgment, will be binding upon all Settlement Class Members who do not exclude themselves.

12.4. The Claims Administrator will provide a list of the names of each Settlement Class Member who submitted a valid and timely request for exclusion to Class Counsel and counsel for Defendant within ten (10) days after the deadline for exclusions.

12.5. Settlement Class Members may exclude themselves on an individual basis only.

12.6. "Mass" or "class" exclusions submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members are not allowed and will not be considered valid.

**13. Objections:**

13.1. Any Settlement Class Member who wishes to object to the Settlement must mail a written notice of objection to the Claims Administrator, Class Counsel, counsel for Defendant, and to the Court, postmarked no more than seventy-five (75) days after the Preliminary Approval Date.

13.2. Through his or her notice of objection, and subject to the Court's approval, a Settlement Class Member must include:

A. His or her full name;

B. His or her address;

C. Documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number to which Defendant placed a subject artificial or prerecorded voice call during the Settlement Class Period;

D. A statement of the specific objection(s);

E. A description of the facts underlying the objection, including any documents the objector desires the Court to consider;

F. A description of the legal authorities that support each objection;

G. A statement noting whether the objector intends to appear at the Final Fairness Hearing; and

H. A signature from the Settlement Class Member.

13.3. Settlement Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.4. If a Settlement Class Member submits both an objection and an exclusion, he or she will be considered to have submitted an exclusion (and not an objection).

13.5. Any Settlement Class Member who fails to comply with the provisions of Section 13 will waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object and will be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

13.6. Class Counsel and the parties will have the right, but not the obligation, to respond to any objection no later than seven (7) days prior to the Final Fairness Hearing. The party responding must file a copy of the response with the Court.

**14. Release:**

14.1. As of the Finality Date, Plaintiff and all Settlement Class Members who do not timely and validly exclude themselves from the Settlement Class, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, successors, and assigns, shall be deemed to have fully released and forever discharged the Released Parties from any and all claims, causes of action, rights, demands, obligations, damages, penalties, and liabilities, whether known or unknown, asserted or unasserted, arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and the regulations promulgated thereunder, involving the use of an artificial or prerecorded voice in connection with calls placed by Defendant to the telephone numbers of Settlement Class Members during the Settlement Class Period (the "Released Claims").

In addition to the foregoing release, and in consideration for the separate payment of Five Thousand Dollars ($5,000.00) from the Settlement Fund, Plaintiff Shante Watson individually shall, as of the Finality Date and subject to Court approval of such payment, fully and forever release and discharge the Released Parties from any and all claims, demands, rights, liabilities, obligations, damages, causes of action, and matters of any kind or nature whatsoever, whether known or unknown, suspected or unsuspected, accrued or unaccrued, that Plaintiff has or may have against the Released Parties arising from facts, events, acts, omissions, or conduct occurring on or before the date Plaintiff executes this Agreement.

14.2. Plaintiff and Releasors agree and covenant, and each Releasor will be deemed to have agreed and covenanted, not to sue the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

14.3. The Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasors expressly assume the risk, they freely and voluntarily give the release as set forth herein.

**15. Exclusive Remedy:**

15.1. The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

**16. Attorneys' Fees, Costs, Expenses, and Plaintiff's General Release Payment:**

16.1. Class Counsel will submit to the Court a request for attorneys' fees to be paid from the Settlement Fund.

16.2. Class Counsel will submit to the Court a request for reimbursement of reasonable litigation costs and expenses not to exceed $40,000 to be paid from the Settlement Fund.

16.3. The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiff's request for a general release payment, will not affect the finality of the Settlement.

16.4. In the event that the Court declines Class Counsel's request for attorneys' fees, costs, and expenses, or Plaintiff's request for a general release payment, or awards less than the amounts sought, the Settlement will nonetheless continue to be effective and enforceable by the parties.

**17. No Admission of Liability:**

17.1. This Agreement and all related communications are for settlement purposes only and will not be construed or deemed to be evidence of an admission or concession by the Released Parties with respect to any claim, fault, liability, wrongdoing, or damage whatsoever and will not be construed or deemed to be evidence of any admission of any claim, fault, liability, wrongdoing, or damage or that any person or entity is entitled to relief. Defendant expressly denies all charges of wrongdoing or liability against Defendant arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, and Defendant continues to believe the claims asserted against Defendant in the Action are without merit. Nothing in this Settlement Agreement will be construed as an admission by Defendant in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, that Defendant has engaged in any conduct or practices that violate any federal statute or other law.

**18. Representations and Warranty:**

18.1. Class Counsel believes that the Settlement is in the best interests of the Settlement Class Members.

18.2. Plaintiff warrants that on the date this Agreement is executed, she owns the claims that she asserts in connection with this matter, and that she has not assigned, pledged, sold or otherwise transferred her claims (or an interest in such claims), and that on the Finality Date she will own her claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever.

18.3. Each party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the releases contained herein, received legal advice with respect to the advisability of entering this Agreement and the releases, and the legal effects of this Agreement and the releases, and fully understands the effect of this Agreement and the releases. Each party to this Agreement warrants that he, she, or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**19. Appeals:**

19.1. If a Settlement Class Member appeals the Final Order and Judgment, Plaintiff and Defendant agree to support the Settlement on appeal.

19.2. Nothing contained in this Agreement is intended to preclude Plaintiff, Defendant, or Class Counsel from appealing any order inconsistent with this Agreement.

**20. Distribution of the Settlement Fund:**

20.1. Within thirty (30) days of the Finality Date, or within such additional time as is necessary to ensure compliance with IRS regulations, the Claims Administrator will mail or otherwise distribute a settlement payment to each Settlement Class Member who submitted an Approved Claim Form.

20.2. Within five (5) days of the Finality Date, the Claims Administrator will pay to Plaintiff from the Settlement Fund the incentive award approved by the Court.

20.3. Within five (5) days of the Court's entry of Final Order and Judgment, the Claims Administrator will pay to Class Counsel from the Settlement Fund the attorneys' fees, costs, and expenses approved by the Court.

20.4. If any money remains in the non-reversionary Settlement Fund after the date that all initial settlement payments are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), and if the amount that remains is sufficient to issue second payments of at least $25.00 to each Settlement Class Member who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement payment, calculated on a *pro rata* basis considering the remaining amount of the non-reversionary Settlement Fund, to each Settlement Class Member who cashed an initial settlement check.

20.5. If any money remains in the Settlement Fund after the date that all settlement payments (*i.e.*, initial settlement checks, and if applicable, second settlement checks) are voided due to non-deposit (*i.e.*, checks that Settlement Class Members do not cash), this amount will be paid as a *cy*

*pres* award to National Consumer Law Center subject to the Court's approval.

**21. Taxes:**

21.1. Plaintiff and Defendant agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a QSF within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make elections as necessary or advisable to carry out required duties including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations promulgated under the Code. It is the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2. For the purpose of Section 468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary Settlement Fund (including, without limitation, tax returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary Settlement Fund are to be paid out of the Settlement Fund.

21.3. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a QSF for federal or state income tax purposes, will be paid by the Claims Administrator from the Settlement Fund.

21.4. Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the Settlement Fund.

21.5. In no event will Defendant have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity. All such taxes and tax-related expenses will be paid out of the Settlement Fund.

21.6. Defendant will timely deliver to the Claims Administrator a "Section 1.468B-3 Statement" (as provided in Treas. Reg Section 1.468B-3(e)) with respect to any transfers made to the Settlement Fund.

21.7. The Claims Administrator will engage in reporting to the Internal Revenue Service and such other state and local taxing authorities as may be required by law. The parties acknowledge that the Claims Administrator will comply with all withholding obligations as required under the applicable provisions of the Internal Revenue Code and such other state and local laws as may be applicable, and the regulations promulgated thereunder. In addition, the Claims Administrator will be obligated to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax-related expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Claims Administrator, each other, and their attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

21.8. Defendant makes no representation to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

21.9. The parties agree that payments made to the Settlement Fund are compensatory only and not payments made to satisfy any fines, penalties, punitive damages, or prejudgment interest nor are such payments "to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law" within the meaning of Section 162(f) of the Code.

**22. Stay:**

22.1. Plaintiff and Defendant stipulate that all proceedings in connection with this matter other than those taken to approve the Settlement and effectuate class notice and the submission of claims should be stayed until the Court issues its decision regarding final approval of the Settlement.

22.2. The stipulated stay of proceedings will not prevent the filing of any motions, declarations, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

**23. Miscellaneous Provisions:**

23.1. This Agreement is the entire agreement between Plaintiff and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

23.2. Neither Plaintiff nor Defendant may modify this Agreement, except by a writing that Plaintiff and Defendant execute and that the Court approves.

23.3. All notices required by this Agreement, between Plaintiff, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Counsel for Plaintiff and the Settlement Class*

Ava Conger
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
aconger@ktslaw.com

*Counsel for Defendant*

23.4. Section headings in this Agreement are for convenience and reference only and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

23.5. Plaintiff and Defendant will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement.

23.6. Plaintiff and Defendant drafted this Agreement equally, and it should not be construed strictly against Plaintiff or Defendant.

23.7. This Agreement binds successors and assigns of the parties.

23.8. Plaintiff, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

23.9. A waiver by one party of any provision or breach of this Agreement by any other party will not constitute a waiver of any other provision or breach of this Agreement.

23.10. This Agreement is made and entered into within and will be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws.

23.11. This Court will retain continuing and exclusive jurisdiction over the parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

23.12. The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of the parties and as approved by the Court, without notice to Settlement Class Members. The parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

23.13. All agreements made and orders entered during the course of the Action relating to the confidentiality of information will survive this Agreement.

## 24. Termination:

24.1. If any of the conditions set forth below occurs and either (a) Plaintiff or (b) Defendant gives notice that such party or parties wish to withdraw from this Agreement (subject to the terms below and herein), then this Agreement will terminate and be null and void, and the parties will be returned to the *status quo ante* as if no Settlement had been negotiated or entered into:

(a) The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

(b) Any objections to the proposed Settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing party deems in good faith to be material (*e.g.*, because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement);

24.2. Prior to termination, Plaintiff and Defendant must negotiate in good faith to modify the terms of this Agreement in an effort to revive the Settlement.

24.3. If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect, and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered prior to the date of termination will not be refunded to Defendant.

24.4. In the event that the Agreement is not approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund, less interest, expenses, and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, will be returned to Defendant within sixty (60) days of the event that causes the Agreement to not become effective.

**25.Survival:**

25.1. The Settlement will be unaffected by any subsequent change in law regarding the TCPA, its interpretation, and its application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, courts, or otherwise.

**26.Dismissal:**

26.1. The Final Order and Judgment submitted to the Court will include a provision dismissing this Action with prejudice.

**27.Signatures:**

[ON FOLLOWING PAGE]

Shante Watson

Date

10/19/2026

Anthony Paronich
Counsel for Plaintiff and the Class

Date

10/16/2026

Georgia Auto Pawn, Inc.

(President)

Date

10/26/26

Ava J. Conger
Counsel for Defendant.

Date

10/26/26

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA AUTO PAWN, INC.<br><br>Defendant. | Civil Case No.: 1:25-cv-00906-LMM |

**WEBSITE Q & A NOTICE**

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**If Georgia Auto Pawn, Inc. placed an artificial or prerecorded voice call to your cellular telephone number between February 20, 2021 and [PRELIMINARY APPROVAL DATE], and your telephone number is among the numbers identified in the Settlement Class, you may be entitled to compensation from a $525,000 class action settlement.**

*Watson v. Georgia Auto Pawn, Inc.,*
*Civil Case No. 1:25-cv-00906-LMM (N.D. Ga.)*

**A federal court authorized this notice.**
**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you are a Settlement Class Member and submit a timely and valid Claim Form, you will receive a *pro rata* share of the money available for distribution from the $525,000 Settlement Fund after Court-approved fees, costs, expenses, the Plaintiff's general-release payment, and settlement-administration expenses are deducted.<br><br>Based on an estimated 10% claims rate, it is presently estimated that each Settlement Class Member who submits an approved claim will receive approximately $4,500. This is only an estimate. Your actual payment may be higher or lower depending principally upon the number of valid claims submitted and the amounts ultimately approved by the Court for attorneys' fees, litigation costs and expenses, Plaintiff's general-release payment, and settlement administration. |
| **DO NOTHING:** | If you are a class member and you do nothing, you will <u>not</u> receive a share of the settlement fund, but you will release claims you may have against related to this case. |
| **EXCLUDE YOURSELF:** | If you are a class member and you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any claims you have related to this case. |
| **OBJECT:** | If you are a class member, you may object to the settlement. |

**Why is this notice available?**

This is a notice of a proposed Settlement in a class action lawsuit. The Settlement would resolve a lawsuit filed by Shante Watson against Georgia Auto Pawn, Inc. Please read this notice carefully. It explains the lawsuit, the Settlement, and your legal rights, including the process for receiving a Settlement Payment, excluding yourself from the Settlement, or objecting to the Settlement.

The United States District Court for the Northern District of Georgia has preliminarily approved the Settlement and authorized this notice. The Court has not determined that Georgia Auto Pawn, Inc. did anything wrong or violated any law.

**What is this lawsuit about?**

Plaintiff Shante Watson filed a proposed class action lawsuit alleging that Georgia Auto Pawn, Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing calls to reassigned cellular telephone numbers using an artificial or prerecorded voice without consent.

The TCPA generally provides for statutory damages of $500 for certain violations and permits damages of up to $1,500 for certain willful or knowing violations.

Georgia Auto Pawn, Inc. denies Plaintiff's allegations, denies that it violated the TCPA, and denies any wrongdoing or liability. The Court has not decided who is right or wrong. Instead, the Parties have agreed to settle the lawsuit.

**Why is this a class action?**

In a class action, one or more people called “class representatives” file a lawsuit on behalf of people who have similar claims. All of these people together are a “class” or “class members.” The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

**Why is there a settlement?**

Plaintiff and Georgia Auto Pawn, Inc. agreed to settle the lawsuit to avoid the expense, delay, uncertainty, and risks associated with continued litigation.

Plaintiff and Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Georgia Auto Pawn, Inc. denies any wrongdoing or liability and has agreed to the Settlement to resolve the lawsuit and avoid the burden, expense, risk, and uncertainty of continued litigation.

The Court has not decided the merits of Plaintiff's claims or Defendant's defenses.

**How do you know if your claims are included in the settlement?**

This settlement resolves claims on behalf of the following class:

All persons throughout the United States including the Plaintiff and individuals (1) listed in Exhibit D of the report of Jan Kostyun, dated July 27, 2026, (2) to whom Georgia Auto Pawn, Inc. placed a call, (3) directed to a telephone number assigned to a cellular telephone service, (4) in connection with which Georgia Auto Pawn, Inc. used an artificial or prerecorded voice, (5) from February 20, 2021, through [PRELIMINARY APPROVAL DATE].

**What does the settlement provide?**

Georgia Auto Pawn, Inc. will establish a $525,000 non-reversionary Settlement Fund.

The Settlement Fund will be used to pay:

a. Settlement Payments to Settlement Class Members who timely submit approved Claim Forms;

b. The costs of notice and settlement administration, presently estimated to be approximately $50,000;

c. Attorneys' fees of $175,000, subject to the Court's approval;

d. Litigation costs and expenses of up to $40,000, subject to the Court's approval; and

e. A payment of $5,000 to Plaintiff Shante Watson, subject to the Court's approval, in consideration for her individual general release of claims.

After these amounts are deducted, the remaining Settlement Fund will be distributed on a *pro rata* basis among Settlement Class Members who submit timely and approved Claim Forms.

Assuming settlement-administration costs of $50,000 and Court approval of the amounts described above, approximately $255,000 would remain available for distribution to Settlement Class Members.

If approximately 10% of the 569 Settlement Class Members submit approved claims, each participating Settlement Class Member is presently estimated to receive approximately $4,500. This amount is only an estimate. The actual amount paid will depend on the number of approved claims and the actual amounts deducted from the Settlement Fund.

No portion of the Settlement Fund will revert to Georgia Auto Pawn, Inc.

**How can you get a payment?**

To receive a Settlement Payment, you must submit a timely and valid Claim Form.

You may submit a Claim Form electronically through **[SETTLEMENT WEBSITE]** no later than **[CLAIM DEADLINE]**.

Alternatively, you may complete and mail a Claim Form to:

**Watson v. Georgia Auto Pawn, Inc. Settlement Administrator**
c/o [CLAIMS ADMINISTRATOR]
[ADDRESS]

Your mailed Claim Form must be postmarked no later than **[CLAIM DEADLINE]**.

Your Claim Form must provide your name, address, and the cellular telephone number on which you received the artificial or prerecorded voice call or calls from Georgia Auto Pawn, Inc.

Each Settlement Class Member may submit only one claim regardless of the number of calls he or she received.

If you did not receive a Claim Form but believe you are a Settlement Class Member, you may contact the Claims Administrator. A Claim Form will be provided only if the Claims Administrator can confirm that you are a member of the Settlement Class.

**When will you be paid?**

If the Court grants final approval of the settlement, settlement payments will be sent to class members who submitted valid claim forms no later than 30 days after the judgment in the lawsuit becomes final, unless additional time is necessary to comply with IRS regulations. If there is an appeal of the settlement, payment may be delayed by the appeal.

**What rights are you giving up in this settlement?**

Unless you exclude yourself from the settlement, and if you meet the class definition, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against the Defendant over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your claims against the Defendant.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, or through Public Access to Court Electronic Records (PACER).

**How can you exclude yourself from the settlement?**

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator, at the addresses set forth below, postmarked by [**date**], **2026**. You must include in your request for exclusion:

a. Your full name;

b. Your address;

c. The cellular telephone number called by Georgia Auto Pawn, Inc. using an artificial or prerecorded voice; and

d. A statement that you wish to be excluded from the Settlement.

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on **[date]**, at **[time]**. The hearing will take place at location. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Do you have to attend the hearing?**

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. However, you cannot speak at the hearing if you have excluded yourself from the class settlement. Once you have excluded yourself, the class settlement does not affect your legal rights.

**What if you want to object to the settlement?**

If you do not exclude yourself from the settlement, if you are a class member you can object to the settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **[date], 2026**, to Class Counsel, Defendant's attorneys, and to the Court, at the following addresses:

| Class Counsel: | Defendant's Counsel: | Court: |
|---|---|---|
| Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043 | Ava J. Conger<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA 30309 | Northern District of Georgia, Atlanta Division<br>Richard B. Russell Federal Building & United States Courthouse<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 |

You must include in your objection:

a. Your full name;

b. Your address;

c. Any documents establishing, or provide information sufficient to allow the Parties to confirm, that you are a Settlement Class

Member, including providing the cellular telephone number to which Georgia Auto Pawn, Inc. placed a call or calls with an artificial or prerecorded voice during the Settlement Class Period;

d. A statement of the specific objection(s);

e. A description of the facts underlying the objection, including any documents that you would like the Court to consider;

f. A description of the legal authorities that support each objection; and

g. A statement noting whether you intend to appear at the final fairness hearing and wish to be heard.

**By when must you enter an appearance?**

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2026**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Defendant's attorneys, at the addresses set forth above.

**What if you do nothing?**

If you are a Settlement Class Member and do nothing, you will not receive a Settlement Payment.

You will nevertheless remain a Settlement Class Member and, if the Settlement receives final approval, you will be bound by the Settlement and the Court's Final Order and Judgment. You will also release the Released Claims described above.

**What will happen if the Court does not approve the settlement?**

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits at this time, and the lawsuit will continue.

**Who are Ms. Watson's attorneys?**

Ms. Watson's attorneys are:

**Andrew Perrong**
Perrong Law LLC
1669 Edgewood Rd., Suite 218
Yardley, PA 19067

**Anthony I. Paronich**
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

You do not have to pay Class Counsel directly. Class Counsel will ask the Court to approve payment of $175,000 in attorneys' fees from the Settlement Fund.

You may hire your own attorney to represent you in connection with the Settlement, but you will be responsible for paying that attorney.

**Who are Georgia Auto Pawn's attorneys?**

Georgia Auto Pawn's attorneys are:

**Ava J. Conger**
**Devon C. Sherrell**
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309

**Before what Court is this matter pending?**

Ms. Watson filed her class action lawsuit in the following Court:

United States District Court
Northern District of Georgia, Atlanta Division
Richard B. Russell Federal Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**Where can you get additional information?**

This notice summarizes the proposed Settlement. The complete terms are contained in the Class Action Settlement Agreement and Release.

The Settlement Agreement, Claim Form, Court orders, and other important documents will be available at:

**[SETTLEMENT WEBSITE]**

You may also contact:

**Watson v. Georgia Auto Pawn, Inc. Settlement Administrator**
c/o [CLAIMS ADMINISTRATOR]
[ADDRESS]
[TOLL-FREE NUMBER]

**PLEASE DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT TO ASK QUESTIONS ABOUT THIS SETTLEMENT. THE COURT CANNOT PROVIDE YOU WITH LEGAL ADVICE.**

# EXHIBIT 2

**What is this lawsuit about?** Plaintiff Shante Watson filed a class action lawsuit alleging that Georgia Auto Pawn, Inc. violated the Telephone Consumer Protection Act ("TCPA") by placing calls to reassigned cellular telephone numbers using an artificial or prerecorded voice without consent. Georgia Auto Pawn, Inc. denies the allegations and denies any wrongdoing or liability. The Court has not decided who is right or wrong.

**Why did you receive this notice?** You received this notice because records indicate that you may be a member of the following Settlement Class: All persons throughout the United States including the Plaintiff and individuals (1) listed in Exhibit D of the report of Jan Kostyun, dated July 27, 2026, (2) to whom Georgia Auto Pawn, Inc. placed a call, (3) directed to a telephone number assigned to a cellular telephone service, (4) in connection with which Georgia Auto Pawn, Inc. used an artificial or prerecorded voice, (5) from February 20, 2021, through [PRELIMINARY APPROVAL DATE]. The Settlement Class consists of Plaintiff and individuals associated with 569 telephone numbers.

**What does the settlement provide?** Georgia Auto Pawn, Inc. has agreed to establish a $525,000 non-reversionary Settlement Fund. After payment of Court-approved attorneys' fees of $175,000, litigation costs and expenses of up to $40,000, settlement-administration expenses presently estimated and a $5,000 payment to Plaintiff in consideration for her individual general release, the remaining Settlement Fund will be distributed *pro rata* to Settlement Class Members who submit timely and approved claims. Based on an estimated 10% claims rate, each approved claimant is presently estimated to receive approximately $4,500. This is only an estimate. The actual payment may be higher or lower depending principally on the number of valid claims submitted and the amounts ultimately deducted from the Settlement Fund.

**What are your legal rights and options?** To receive a payment, you must submit a valid Claim Form online at **[SETTLEMENT WEBSITE]** or by mail, postmarked no later than **[CLAIM DEADLINE]**. **DO NOTHING:** You will receive no payment, but you will remain in the Settlement Class and release the claims covered by the Settlement. **EXCLUDE YOURSELF:** You may exclude yourself from the Settlement by mailing a written request for exclusion postmarked no later than **[EXCLUSION DEADLINE]**. If you exclude yourself, you will receive no payment but will retain your right to pursue your own claims. **OBJECT:** If you remain in the Settlement Class, you may object to the Settlement by following the procedures described in the Long-Form Notice. Your objection must be postmarked no later than **[OBJECTION DEADLINE]**.

**When is the final fairness hearing?** The Court will hold a Final Fairness Hearing on **[DATE]**, at **[TIME]**, at **[LOCATION]**, to consider whether the Settlement should be finally approved and Class Counsel's requests for attorneys' fees and expenses and Plaintiff's $5,000 general-release payment. You do not need to attend the hearing to receive a Settlement Payment. For complete information about the Settlement, your rights, the releases, and how to submit a claim, exclude yourself, or object, visit **[SETTLEMENT WEBSITE]**.

**Front Inside**

**Front Outside**

**This is a notice of a settlement of a class action lawsuit. This is not a notice of a lawsuit against you.**

**If Georgia Auto Pawn, Inc. placed an artificial or prerecorded voice call to your cellular telephone number between February 20, 2021 and [PRELIMINARY APPROVAL DATE], and your telephone number is among the numbers identified in the Settlement Class, you may be entitled to compensation from a $525,000 class action settlement in *Watson v. Georgia Auto Pawn, Inc.*, Civil Case No. 1:25-cv-00906-LMM (N.D. Ga.).**

**A federal court authorized this notice. This is not a solicitation from a lawyer. Please read this notice carefully. It summarizes your rights and options to participate in the class action settlement.**

**Watson v. Georgia Auto Pawn, Inc.**
c/o Kroll Settlement Administration
[Address]

Permit
Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# EXHIBIT 3

**Carefully separate at perforation**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

***Watson v. Georgia Auto Pawn, Inc.***
**Case No. 1:25-cv-00906-LMM (N.D. Ga.)**

**CLAIM FORM**

**[admin] ID: «[Admin] ID»**
**«First Name» «Last Name»**
**«Address1»**
**«City», «State» «Zip»**

**[cellphone number]**

**Name/Address Changes:** ______________________
______________________
______________________

I affirm that I am the person identified above and that the cellular telephone number listed above is the cellular telephone number at which I received one or more artificial or prerecorded voice calls from Georgia Auto Pawn, Inc. during the period from February 20, 2021 through [PRELIMINARY APPROVAL DATE].

**IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the address on the backside of this form.**

**Signature:** ______________________

**Telephone number on which I received the call(s):** ______________________

**Date of signature:** ______________________

**To receive a payment, you must enter all requested information above, sign and mail this claim form, postmarked on or before [Month] [day], 2026.**
Or you may submit a claim through the settlement website, **INSERT**.

**To exclude yourself from the class action settlement, you must mail a written request for exclusion to the Claims Administrator, postmarked on or before [EXCLUSION DEADLINE].**

**Bottom Inside**

**Bottom Outside**

Please Affix Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Watson v. Georgia Auto Pawn, Inc. Administrator**
**c/o Kroll Settlement Administration**
**[address]**