**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GEORGIA AUTO PAWN, INC.<br><br>Defendant. | Civil Case No.: 1:25-cv-00906-LMM |

**DECLARATION OF ANTHONY I. PARONICH**

I, Anthony I. Paronich, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over eighteen years of age and competent to make this declaration. I am the founder and principal of Paronich Law, P.C. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

**My Qualifications**

2. I am a 2010 graduate of Suffolk University Law School and was admitted to the Massachusetts bar in 2010. I have since been admitted to practice before, among other courts, the United States District Courts for the District of Massachusetts, the Northern District of Illinois, the Eastern District of Michigan, the Western District of Wisconsin, and the Southern District of Indiana, and before the

United States Courts of Appeals for the First, Seventh, and Ninth Circuits. I am admitted to practice before this Court. From time to time, I have appeared in other state and federal courts pro hac vice. I am in good standing in every court to which I am admitted.

3. From 2010 through 2016, I was an associate at Broderick Law, P.C. in Boston, Massachusetts. From 2016 through 2019, I was a partner at Broderick & Paronich, P.C. In 2019, I founded Paronich Law, P.C., a firm focused on protecting consumers in class action litigation. Since then, my practice has focused almost exclusively on consumer class actions under the Telephone Consumer Protection Act ("TCPA").

4. I have been appointed class counsel in more than 65 TCPA cases, including the following:

i. *Desai and Charvat v. ADT Security Services, Inc.*, USDC, N.D. Ill., 11-CV-1925, a TCPA class settlement of $15,000,000 granted final approval on June 21, 2013.

ii. *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, USDC, D. Md., 13-cv-00662, a TCPA class settlement of $8,500,000 granted final approval on April 15, 2015.

iii. *Charvat v. AEP Energy, Inc.*, USDC, N.D. Ill., 1:14-cv-03121, a TCPA class settlement of $6,000,000 granted final approval on September 28, 2015.

iv. *Bull v. US Coachways, Inc.*, USDC, N.D. Ill., 1:14-cv-05789, a TCPA class settlement finally approved on November 11, 2016, with an agreement for judgment in the amount of $49,932,375 and an assignment of rights against the defendant's insurance carrier.

v. *Smith v. State Farm Mut. Auto. Ins. Co., et al.*, USDC, N.D. Ill., 1:13-cv-02018, a TCPA class settlement of $7,000,000 granted final approval on December 8, 2016.

vi. *Mey v. Frontier Communications Corporation*, USDC, D. Conn., 3:13-cv-1191-MPS, a TCPA class settlement of $11,000,000 granted final approval on June 2, 2017.

vii. *Heidarpour v. Central Payment Co.*, USDC, M.D. Ga., 15-cv-139, a TCPA class settlement of $6,500,000 granted final approval on May 4, 2017.

viii. *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.*, USDC, N.D. Ga., 1:15-CV-03562-AT, a TCPA class settlement of $12,000,000 granted final approval on December 14, 2017.

ix. *Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc.*, USDC, N.D. Cal., 3:16-cv-05486-JCS, a TCPA class settlement of $9,000,000 granted final approval on October 15, 2018.

x. *In re Monitronics International, Inc.*, USDC, N.D. W. Va., 1:13-md-02493-JPB-JES, a TCPA class settlement of $28,000,000 granted final approval on June 12, 2018.

xi. *Krakauer v. Dish Network, L.L.C.*, USDC, M.D.N.C., 1:14-CV-333. Following a contested class certification motion, this case went to trial in January 2017, returning a verdict of $20,446,400. On May 22, 2017, the Court trebled that amount after finding that Dish Network's violations were "willful or knowing," for a revised damages award of $61,339,200. The Fourth Circuit affirmed, *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019), and the Supreme Court denied certiorari, 140 S. Ct. 676 (2019).

xii. *Charvat v. Carnival Corporation & PLC, et al.*, USDC, N.D. Ill., 1:13-cv-00042, a TCPA class settlement of $12,500,000 granted final approval in April 2020.

xiii. *Loftus v. Sunrun, Inc.*, USDC, N.D. Cal., 3:19-cv-1608, a TCPA class settlement of $5,500,000 granted final approval on May 11, 2021.

xiv. *Perrong v. Orbit Energy & Power, LLC*, USDC, E.D. Pa., 2:21-cv-777, a TCPA class settlement of $6,000,000 granted final approval on June 21, 2022.

xv. *Vance, et al. v. DirecTV, LLC*, USDC, N.D. W. Va., 5:17-cv-179, a TCPA class settlement of $16,850,000 granted final approval on August 24, 2023.

xvi. *Berman v. Freedom Financial Network, LLC, et al.*, USDC, N.D. Cal., 18-cv-1060, a TCPA class settlement of $9,750,000 granted final approval on February 23, 2024.

xvii. *Murray v. Grocery Delivery E-Services USA, Inc.*, USDC, D. Mass., 19-cv-12608, a TCPA class settlement of $11,000,000 granted final approval on March 13, 2024.

xviii. *Williams v. Choice Health Insurance LLC*, USDC, M.D. Ala., 23-cv-292, a TCPA class settlement of $7,000,000 granted final approval on July 22, 2024.

xix. *Smith, et al. v. Assurance IQ, LLC*, Cir. Ct. Cook Cnty., Ill., 23-CH-09225, a TCPA class settlement of $21,875,000 granted final approval on September 3, 2024.

xx. *Mantha v. QuoteWizard.com, LLC*, USDC, D. Mass., 19-cv-12235, a TCPA class settlement of $19,000,000 granted final approval on September 29, 2025.

xxi. *Miller v. Zale Delaware, Inc.*, Fla. 13th Jud. Cir. Ct., 25-CA-4088, a TCPA class settlement of $7,548,300 granted final approval on November 23, 2025.

xxii. *Ryan v. Wilshire Law Firm, P.L.C.*, Fla. 11th Jud. Cir. Ct. (Miami-Dade Cnty.), 2025-022621-CA-01, a TCPA class settlement of $5,975,000 granted final approval on May 28, 2026.

5. During this litigation, Plaintiff and Class Counsel conducted substantial investigation and discovery concerning Defendant's use of artificial or prerecorded voice calls, its calling practices, the telephone numbers called, the identity of intended recipients, and Defendant's potential defenses.

6. Plaintiff served written discovery directed toward Defendant's calling records, dialing systems, telephone-number acquisition practices, consent procedures, and records concerning wrong or reassigned telephone numbers. Plaintiff also pursued third-party discovery, including subpoenas to Onvoy, LLC, CompliancePoint, Inc., PossibleNOW Services, Inc., and LiveVox, Inc., and noticed Defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

7. The parties also obtained expert analysis concerning the potential Settlement Class. In particular, Defendant's expert, Jan Kostyun, prepared a report dated July 27, 2026, identifying the telephone numbers included in the proposed Settlement Class. This analysis assisted the parties in evaluating the scope of the claims and the potential exposure associated with continued litigation.

8. The expert analysis provided the Parties with a defined group of telephone numbers associated with the challenged prerecorded calls and an objective basis for identifying the proposed Settlement Class. This information was important to Class Counsel's evaluation of the potential scope of Defendant's liability, the risks of continued litigation, and the adequacy of the proposed Settlement.

9. The parties participated in mediation before Seamus Duffy, an experienced mediator, and engaged in good-faith, arm's-length settlement negotiations.

10. The negotiations ultimately resulted in the Class Action Settlement Agreement and Release submitted to the Court. The Settlement establishes a $525,000 non-reversionary common fund for the benefit of the Settlement Class.

11. In evaluating the Settlement, I considered the substantial risks, costs, and delays associated with continued litigation, including additional discovery, contested class certification proceedings, expert discovery, dispositive motions, trial, and potential appeals.

12. Although Plaintiff maintains that Defendant's artificial or prerecorded voice calls violated the TCPA, Defendant disputes liability and would contest class certification. Continued litigation would present disputed issues concerning consent, the identification of persons who received the calls, and whether a litigation class could be certified and maintained.

13. I also considered the substantial expense associated with litigating these issues on a classwide basis, the uncertainty of obtaining and sustaining class certification, and the possibility that Plaintiff and the Settlement Class could ultimately recover substantially less than the proposed Settlement or nothing at all.\

14. The Settlement establishes a $525,000 non-reversionary common fund for a Settlement Class consisting of Plaintiff and individuals associated with 568 additional telephone numbers.

15. After deduction of anticipated settlement administration expenses, requested attorneys' fees, litigation expenses, and Plaintiff's proposed individual general release payment, approximately $255,000 is expected to remain available for distribution to participating Settlement Class Members. Assuming a 10% claims rate, participating Settlement Class Members could receive approximately $4,500 each. The actual payment amounts will depend upon the number of valid claims, actual administration expenses, and the amounts ultimately approved by the Court.

16. In evaluating the Settlement, I considered the strengths of Plaintiff's claims, Defendant's anticipated defenses, the difficulties associated with proving liability on a classwide basis, and the uncertainties inherent in contested class certification proceedings.

17. I also considered the possibility of adverse developments in the applicable law, the substantial costs associated with continued litigation, and the risk that Plaintiff and the Settlement Class could receive no recovery following further proceedings.

18. In my judgment, the Settlement provides substantial and meaningful monetary relief to Settlement Class Members while eliminating the expense, delay, and uncertainty associated with continued litigation. The Settlement also provides a practical mechanism for distributing relief to individuals who otherwise might not pursue individual TCPA claims.

19. Based upon my experience prosecuting TCPA class actions, my familiarity with the facts and legal issues presented in this litigation, the discovery and investigation undertaken, and my participation in the settlement negotiations, I believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

20. Plaintiff Shante Watson has participated in the prosecution of this litigation and has pursued relief on behalf of herself and similarly situated individuals. Her claims arise from the same alleged artificial or prerecorded calling practices as those underlying the claims of absent Settlement Class Members. Based upon my representation of Plaintiff, I am not aware of any conflict between her interests and those of the Settlement Class.

21. Class Counsel have devoted substantial time and resources to investigating and prosecuting this action, including written discovery, third-party discovery, investigation of Defendant's calling practices, expert analysis, and settlement negotiations.

22. Based on my experience, the work undertaken in this litigation, and my familiarity with the proposed Settlement, I believe that Andrew Perrong and I possess the experience, knowledge, and resources necessary to fairly and adequately represent the Settlement Class through final approval and administration of the Settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2026 in the United States of America

_/s/ Anthony I. Paronich_____________
Anthony I. Paronich