**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GEORGIA AUTO PAWN, INC.<br><br>Defendant. | Civil Case No.: 1:25-cv-00906-LMM |

**(PROPOSED) ORDER PRELIMINARILY**
**APPROVING CLASS ACTION SETTLEMENT**

Upon consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the Class Action Settlement Agreement and Release (the "Agreement"), and the record, the Court finds that it will likely be able to approve the proposed Settlement under Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class for purposes of judgment. Accordingly, IT IS ORDERED:

1. The Court has subject-matter jurisdiction over this Action and jurisdiction over the Parties for purposes of considering the Settlement. Capitalized terms not defined herein have the meanings assigned in the Agreement.

2. The Settlement is preliminarily approved as within the range of possible final approval. The Court preliminarily finds that Plaintiff and proposed Class Counsel have adequately represented the Settlement Class; the Settlement was negotiated at arm's length following discovery and mediation; the relief is adequate

in light of the costs, risks, and delay of continued litigation, the proposed distribution process, and the requested fees and expenses; and the proposal treats Settlement Class Members equitably. These findings are preliminary and subject to consideration at the Final Fairness Hearing.

3. For settlement purposes only, the Court provisionally certifies the following Settlement Class pursuant to Rules 23(a) and 23(b)(3):

> All persons throughout the United States including the Plaintiff and individuals (1) listed in Exhibit D of the report of Jan Kostyun, dated July 27, 2026, (2) to whom Georgia Auto Pawn, Inc. placed a call, (3) directed to a telephone number assigned to a cellular telephone service, (4) in connection with which Georgia Auto Pawn, Inc. used an artificial or prerecorded voice, (5) from February 20, 2021, through the Preliminary Approval Date.

4. Solely for settlement purposes, the Court preliminarily finds that the Settlement Class, comprising Plaintiff and persons associated with 568 additional telephone numbers, is sufficiently numerous; that common questions concerning Defendant's alleged artificial or prerecorded voice calling practices exist; that Plaintiff's claims are typical; and that Plaintiff and Class Counsel will adequately represent the Settlement Class. Common questions predominate for settlement purposes, and class resolution is superior to individual litigation. The Court makes no determination concerning certification for litigation purposes.

5. The Court appoints Shante Watson as Settlement Class Representative and Anthony I. Paronich of Paronich Law, P.C. and Andrew Perrong of Perrong Law

LLC as Class Counsel for settlement purposes. Kroll Settlement Administration LLC is appointed Claims Administrator.

6. Defendant shall establish and fund the $525,000 non-reversionary Settlement Fund within thirty (30) days after entry of this Order. The Fund shall be administered as a qualified settlement fund in accordance with the Agreement, and shall pay approved class claims, reasonable notice and administration costs, Court-approved litigation expenses and attorneys' fees, and any Court-approved payment to Plaintiff for her separate general release. No portion shall revert to Defendant.

7. The Court approves the proposed Postcard Notice and Claim Form and Long-Form Notice submitted with the Agreement, substantially in the forms submitted, and the Notice Plan described in the Agreement. The Court finds that the plan constitutes the best notice practicable under the circumstances and satisfies Rule 23(c)(2)(B), Rule 23(e), and due process. The Claims Administrator shall undertake reverse-lookup and address verification procedures, mail notice and claim forms to identifiable Settlement Class Members where possible, and establish a dedicated settlement website and toll-free information number, all as provided in the Agreement. Notice shall commence, and the website shall be operational, no later than thirty (30) days after entry of this Order.

8. The Claims Administrator shall effectuate notice required by 28 U.S.C. § 1715 within ten (10) days after the filing of the preliminary approval motion, as provided in Section 6 of the Agreement, and provide copies to counsel within two

(2) days after service. The Parties shall ensure that the Final Fairness Hearing and final approval comply with any applicable waiting period under § 1715(d).

9. Settlement Class Members may submit Claim Forms electronically through the settlement website or by mail, no later than seventy-five (75) days after entry of this Order. Mailed claims must be postmarked by that deadline. A claimant shall provide the information required by the Agreement, including name, address, and cellular telephone number at issue. Each eligible Settlement Class Member may submit only one claim, regardless of the number of calls received. The Claims Administrator shall evaluate claims in accordance with the Agreement.

10. Any Settlement Class Member wishing to be excluded must mail to the Claims Administrator a personally signed written request, postmarked no later than seventy-five (75) days after entry of this Order, stating the member's full name, address, cellular telephone number called by Defendant using an artificial or prerecorded voice, and an unequivocal request for exclusion. Exclusions are permitted only on an individual basis; mass or class exclusions are invalid. Timely and validly excluded persons will receive no settlement benefits and will not be bound by the Settlement release.

11. Any Settlement Class Member wishing to object shall mail a written objection to the Claims Administrator, Class Counsel, counsel for Defendant, and the Court, postmarked no later than seventy-five (75) days after entry of this Order. The objection shall state the member's name and address; information sufficient to

establish Settlement Class membership, including the relevant cellular telephone number; specific objections and supporting facts and documents; supporting legal authorities; whether the member intends to appear at the Final Fairness Hearing; and the member's signature. An objection may address the Settlement, fees, expenses, or Plaintiff's requested general-release payment. A member submitting both an exclusion and objection shall be treated as excluded.

12. Objections shall be served on Anthony I. Paronich, Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA 02043, anthony@paronichlaw.com; and Ava Conger, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA 30309, aconger@ktslaw.com; and submitted to the United States District Court for the Northern District of Georgia, in accordance with the Agreement and applicable filing rules.

13. Class Counsel may apply for attorneys' fees of $175,000 and reimbursement of litigation expenses not exceeding $40,000, and Plaintiff may request $5,000 for her separate individual general release. The Court reserves determination of all such requests until final approval. No particular fee, expense, or individual-payment award is preliminarily approved by this Order.

14. A Final Fairness Hearing shall be held on ____________, 20___, at ______ __.m., before the United States District Court for the Northern District of Georgia, at a courtroom or by a method subsequently designated by the Court, to determine whether to certify the Settlement Class finally for settlement purposes,

approve the Settlement as fair, reasonable, and adequate, enter final judgment and the release contemplated by the Agreement, and resolve applications for fees, expenses, and Plaintiff's individual release payment. The Court may adjourn or continue the hearing by order and appropriate notice.

15. Final Approval Papers. Plaintiff shall file her motion for final approval at least thirty (30) days before the Final Fairness Hearing. At least ten (10) days before that hearing, the Claims Administrator shall file or provide a sworn declaration concerning notice and the numbers of claims, objections, and exclusions. Responses to objections, if any, may be filed no later than seven (7) days before the hearing.

16. All proceedings other than those necessary to implement and obtain approval of the Settlement are stayed pending final approval. If the Settlement is not approved or becomes ineffective, provisional certification and all settlement-only findings shall be vacated, and the Parties shall retain their rights and defenses as provided in the Agreement. Neither the Agreement nor this Order constitutes an admission of liability or of the propriety of litigation-class certification.

**SCHEDULE**

| **Event** | **Date** |
|---|---|
| Defendant to fund Settlement Fund | 30 days after Preliminary Approval |
| Settlement Administrator to commence notice | Within 30 days after Preliminary Approval Order |
| Claims Deadline | 75 days after Preliminary Approval Order |

| | |
|---|---|
| Opt-Out Deadline | 75 days after Preliminary Approval Order |
| Objection Deadline | 75 days after Preliminary Approval Order |
| Class Counsel's motion for attorneys' fees and expenses | 45 days after Preliminary Approval Order |
| Motion for Final Approval | 90 days after Preliminary Approval Order |
| Final Approval Hearing | To be Set by the Court |

IT IS SO ORDERED.

Dated: ______________________

____________________________________________
UNITED STATES DISTRICT JUDGE